In the Matter of the Construction of the Will of ROSETTE S. MANUS, Deceased.

Surrogate's Court, New York County, May 15, 1951.

*Harry F. Werker* for Pieter J. Kooiman, as ancillary administrator *c. t. a.* of Rosette S. Manus, deceased, petitioner.

*Robert Salomon* for Carmen A. Manus, respondent.

COLLINS, S. This is a proceeding for construction of the will and for a direction authorizing the ancillary administrator *c. t. a.* to make payment directly to certain of the legatees now resident in this country.

The question for construction arises with reference to a bequest contained in paragraph Second of the will which provides in part as follows:

" *Second.* I give and bequeath, free of all taxes and costs to be paid out within six months after my death, without adding interest, to   *   *   *

" (7) my niece, Miss Carmen Anita Manus an amount of F. 5000."

The legatee named demands payment in dollars at a rate of exchange prevailing on October 28, 1943, a date six months after the death of deceased. At that time the guilder was worth fifty-six cents. It was revalued on December 5, 1949, and since that time it has remained at a value of approximately twenty-six cents. It is a rule of general application that " a general pecuniary legacy is ordinarily payable in such currency of the country where the will was made as passes for legal tender " at the time payment is to be made (4 Page on Wills, § 1587; *Phipps* v. *The Earl of Anglesia,* 1 P. Wms. 696; *Wallis* v. *Brightwell,*

2 P. Wms. 88; *Matter of Lendle,* 250 N. Y. 502). Since deceased was a resident of the Netherlands at the time she executed the will on October 19, 1939, it must be presumed that it was her intention that legacies in guilders would be paid at the rate prevailing on the date when payment was made. She was not dealing in terms of a foreign country, a factor which distinguishes this case from *Matter of Lendle (supra).* There the Court of Appeals held that a gift of German marks under the will of a New York resident was the equivalent of a gift of a commodity requiring payment as in kind. Here the charge upon the residue of the estate created by the legacies could at any time have been discharged by the payment of the number of guilders bequeathed to each legatee (*Richard* v. *American Union Bank,* 241 N. Y. 163). The court accordingly holds that the legatee is entitled to payment of a sum in American dollars sufficient to purchase 2,720 guilders, the unpaid balance of the legacy, at the prevailing rate of exchange. Interest is to be computed on such balance from July 20, 1949, in accordance with the provisions of paragraph 2 of article 1006 of the Netherlands Civil Code.

Submit decree on notice construing the will in accordance with the foregoing and directing that the legacies enumerated may be paid directly without transmittal to the domiciliary fiduciary (Surrogate's Ct. Act, § 165).